BlackfORD, J.
This was an action of debt on a bond dated the 11th of May, 1839, conditioned that Johnson should faithfully discharge his duties as collector of the State and county revenue for that year. The suit is against the collector and his sureties. There are two counts in the declaration. The first is on the bond, without naming the condition. The second sets out the condition and assigns breaches. The defendants, after obtaining oyer, pleaded to the first count performance generally. The plaintiff replied to the plea, and assigned breaches. The defendants demurred specially to the replication and to the second count. Judgment for the defendants.
The second count shows the due appointment of an assessor of the State and county revenue for the year 1839; that he was sworn and gave bond according- to law; that he made and returned the assessment on or before the first Monday of May, 1839: that the assessment roll was corrected, and the rate of taxation fixed, as the statute requires; that Johnson had been regularly appointed collector of the State and county revenue for that year, and had been sworn *into office; that he had given bond, which was approved by the board of county commissioners at their June term, 1839; that the clerk of the county delivered to him a complete duplicate of the assessment roll, and also a precept under the seal of the said board, commanding him to collect-and receive the taxes charged in the list of assessment so delivered to him according to law, and to pay over the moneys collected by him by virtue of the precept as required by statute. This count also states that Johnson, as such collector as aforesaid, collected from the persons charged on the duplicate, the sum of $826.67 of State revenue charged against the several persons on the duplicate; that neither the said collector, nor any of the defendants, had paid the said money or any part -thereof to the Treasurer of State, but had refused to do so; nor had they or either of them paid the penalty of the bond. It is further stated that the collector had not returned the duplicate and precept delivered to him as aforesaid, with his proceedings thereon, &c.
The following are the causes of demurrer to this count: *232 1, It is not stated that the assessment roll was returned by the assessor under oath; 2, The collector’s bond could not be approved by the board of commissioners at their June term, 1839 ; 3, It does not appear that the assessment roll was returned by the assessor in time; 4, The acts of the board of commissioners should be averred to appear of record.
The answer to the first objection is, that it is stated that the assessor had taken an oath of office. The second objection may be answered by merely stating, that the statute prescribes no time within which the bond should be approved. There is no ground for the third objection, as it is shovra that the assessor did make his return in time. There may be other answers to these three objections, but it is unnecessary to notice them further. The last objection is untenable. Where a •judgment of a court of record is the gist of the action, the 'grout paid per recordum is necessary. 1 Chitt. Plead., 404. But that is not the case here. In this case,'the bond is the gist of the action, and the acts of the board of commissioners are but inducement; and when that is the *case, a reference to the record is not required. Morse v. James, Willes Rep., 127.
The replication, so far as any question in this cause is concerned, is similar to the second count, except that it steles that the assessment roll was examined and corrected by the board of commissioners, and that the precept delivered to thn collector, was under the seal of the Circuit Court.
The following are the causes of demurrer to the replication, besides those already noticed in speaking of the second count. 1, Such a duplicate is not shown as authorized .the precept. 2, The precept described is defective in its command to th< collector. 3, The precept should have the seal of the board .if commissioners, instead of that of the Circuit Court.
The first objection is insufficient. The duplicate is said to be imperfect, because the assessment roll returned by the assessor was corrected by the board of commissioners, without the county auditor and assessor. But that is not an objecticu which the defendants can be permitted to make. The col'octor is *233 charged with having received the duplicate from the proper officer, with collecting under it and the precept a considerable amount of State revenue, and with not paying over the money to the State treasurer, and with not returning the duplicate and precept. It is not for him or his sureties, under these circumstances, to bar a suit on the part of the State for such default, by making the objection in question to the duplicate. If'it be admitted, which is the most, surely, that can be asked for the objection, that the duplicate was erroneous, that is no answer to the breaches assigned. Were a sheriff to collect money on an execution, and fail to pay over the money or to return the execution, it would be no defense to a suit on his bond, that the judgment on which the execution issued was erroneous. And that case is not, in principle, dissimilar to the one before us.
W. W. Wide, for the plaintiff.
C. P. Hester, for the defendants.
The second objection is unfounded. The precept, as to the command contained in it, is conformable to the statute.
We.think, álso, the third cause of demurrer is not tenable. Although the precept had a wrong seal, it was not for that reason void, but only voidable. It was amendable by virtue *of the statute of 8 Henry the 6, which is in force here, as a mere misprision of the clerk. The collector might have justified under the precept, and he and his sureties are accountable to the State for the State revenue collected by virtue of it, and also for not returning it and the duplicate.
We are therefore of opinion, that the breaches assigned in the second count and in the replication, viz., the non-payment of the money charged to have been collected, and the failure to return the precept and duplicate, (the assessment being shown to amount at least to the sum alleged to have been collected), are sufficient; and that both the demurrers ought to have been overruled.
Per Curiam.—The judgment is reversed with costs. Cause remanded, &c.